UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DAVALL,<br>CDCR #AW-8294,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br><br>A. CORDERO, Correctional Officer;<br>D. WHITE, Correctional Captain;<br>WHITMAN, Associate Warden,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:20-cv-01968-JLS-KSC<br><br>**ORDER (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; (2) DISMISSING DEFENDANT WHITE PURSUANT TO 28 U.S.C.9 § 1915(e)(2) AND § 1915A(b)(1); AND (3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE UPON DEFENDANTS CORDERO AND WHITMAN PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)**<br><br>ECF Nos. 1, 2 |

Plaintiff Joseph Davall, an inmate currently incarcerated at Calipatria State Prison ("CAL"), has filed a civil rights action pursuant to 42 U.S.C. § 1983. ("Compl.," ECF No. 1.) Plaintiff has also filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.)

**I.    Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the

United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a certified copy of his inmate trust account statement. (ECF No. 2.) Plaintiff's statement shows that he had no available funds to his credit at the time of filing. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees due for this case must be collected by the California Department of Corrections and Rehabilitation ("CDCR") and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.    Sua Sponte Screening According to 28 U.S.C. § 1915(e)(2) and § 1915A**

*A.    Standard of Review*

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted

as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. Plaintiff's Factual Allegations

In early July 2019, Plaintiff "had a meeting with Counselor Cordero regarding transfer to a Level 3 facility." (Compl. at 3.) Plaintiff informed Cordero that he needed a single cell because his cellmate was asking for "paperwork to prove that [Plaintiff] was not a sex offender." (*Id.*) Plaintiff claims that he is at risk of being assaulted by other inmates "if they find out that [Plaintiff] is a sex offender." (*Id.*) Cordero told him, however, that he could not have a single cell. (*See id.*) Cordero purportedly told Plaintiff that he would "have to do something really bad to get a single cell." (*Id.*)

In mid-July 2019, Plaintiff "again approached Counselor Cordero and informed him that [his cellmate] was becoming more aggressive and demanding paperwork." (*Id.*) Plaintiff again requested a single cell, but Cordero denied that request. (*See id.*) On July 28, 2019, Plaintiff alleges he was attacked by his cellmate which resulted in two broken fingers and Plaintiff received a "write up causing credit loss." (*Id.*)

On September 17, 2019, Plaintiff was placed in "disciplinary segregation" by Captain White for 180 days. (*Id.* at 4.) Plaintiff was found guilty following his disciplinary hearing based on two Rules Violation Reports ("RVR"). (*See id.*) Plaintiff was also deemed a "program failure." (*Id.*) However, Plaintiff claims White disregarded evidence that Plaintiff was "defending himself" against the attack by his cellmate. (*Id.*)
///

Plaintiff filed an administrative grievance on February 14, 2020, seeking single cell status, but his request was denied by Associate Warden Whitman. (*See id.* at 5.) Plaintiff "requested a single cell . . . because the other inmates here are violent and they prey on sex offenders." (*Id.*) Plaintiff claims he "should not have to wait to be assaulted again to get a single cell." (*Id.*)

Plaintiff seeks injunctive relief in the form of a court order permanently granting Plaintiff single cell status, $500,000 in compensatory damages, $500,000 in punitive damages, and "restoration of 180 days lost credits." (*Id.* at 7.)

### C.     *Fourteenth Amendment Due Process Claims*

Plaintiff alleges Captain White violated his due process rights when he placed him in "disciplinary segregation for 180 days." (Compl. at 4.) Plaintiff was found guilty of the disciplinary infractions and was deemed a "program failure." (*Id.*)

The Fourteenth Amendment provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). "To state a procedural due process claim, [a plaintiff] must allege '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process.'" *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (quoting *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)).

A prisoner is entitled to certain due process protections when he is charged with a disciplinary violation. *Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003) (citing *Wolff v. McDonnell*, 418 U.S. 539, 564–571 (1974)). "Such protections include the rights to call witnesses, to present documentary evidence and to have a written statement by the fact-finder as to the evidence relied upon and the reasons for the disciplinary action taken." *Id.* These procedural protections, however, "adhere only when the disciplinary action implicates a protected liberty interest in some 'unexpected matter' or imposes an 'atypical

and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Although the level of the hardship must be determined on a case-by-case basis, and "[i]n *Sandin*'s wake the Courts of Appeals have not reached consistent conclusions for identifying the baseline from which to measure what is atypical and significant in any particular prison system," *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005), courts in the Ninth Circuit look to:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez*, 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486–87); *see also Chappell v. Mandeville*, 706 F.3d 1052, 1064–65 (9th Cir. 2013). Only if the prisoner alleges facts sufficient to show a protected liberty interest must courts next consider "whether the procedures used to deprive that liberty satisfied Due Process." *Ramirez*, 334 F.3d at 860.

Here, Plaintiff's due process claims require *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) because he fails to allege facts sufficient to show that the deprivations he suffered as a result of his disciplinary conviction, *i.e.*, "C" status detention, lost custody credits, and the loss of 180 days of television, phone, and dayroom privileges, *see* Compl. at 4, imposed the type of "atypical and significant hardships" required by *Sandin* to invoke any liberty interest entitled to *Wolff's* procedural protections.

These lost privileges do not constitute "atypical and significant" hardships. *See Sandin,* 515 U.S. at 484; Cal. Code Regs., tit. 15 § 3044(f)(2) (describing "Privilege Group C" "privileges and non-privileges"); *see also Sanchez v. Miller*, 2016 WL 536890, at *5 (S.D. Cal. 2016) ("C-status deprivations were limited in duration and type, and these limited deprivations do not constitute a hardship that is atypical and significant 'in relation

to the ordinary incidents of prison life.'"), *report and recommendation adopted,* 2016 WL 524438 (S.D. Cal. 2016); *Randle v. Melendrez*, 2017 WL 1197864, at *4 (C.D. Cal. 2017) (finding "four months in administrative segregation as a result of the false RVR," during which plaintiff was deprived of contact visits, "packages, canteen, unrestricted yard, phone calls and personal property" insufficient to implicate a protected liberty interest under *Sandin*), *report and recommendation adopted*, 2017 WL 1199719 (C.D. Cal. 2017); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) ("[A] prisoner has no constitutional right to a particular classification status."); *Wyatt v. Swearingen*, 2010 WL 135322, at *8-9 (N.D. Cal. 2010) (no liberty interest in prisoner's year-long C-status placement); *Washington v. Cal. Dep't of Corrs. & Rehab.*, 2010 WL 729935, at *1 (E.D. Cal. 2010) (no liberty interest in delayed release from C-status); *see also Steffey v. Orman*, 461 F.3d 1218 (10th Cir. 2006) (restriction on inmates' ability to receive money from outside sources was not an "atypical or significant hardship" under *Sandin*).

For these reasons, the Court finds Plaintiff has failed to state a plausible due process claim as to Defendant White. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *Watison,* 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

    1.    Heck *Bar*

Even if Plaintiff could allege facts sufficient to plausibly show Defendant White violated his due process rights with respect to his RVR and disciplinary conviction, Plaintiff's claims as currently alleged present a procedural bar.

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for writ of habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Id.* (internal citation omitted). A prisoner's claims are within the core of habeas corpus if they challenge the fact or duration of his conviction or sentence. *Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016) (en banc), *cert. denied*,

137 S. Ct. 645 (2017); *Ramirez v. Galaza*, 334 F.3d 850, 858 (9th Cir. 2003).

In *Heck v. Humphrey*, the United States Supreme Court held that a § 1983 claim cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 486–87. Accordingly, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). *Heck* requires the plaintiff in a § 1983 action "first . . . to prove that his conviction had been invalidated in some way." *McDonough v. Smith*, 139 S. Ct. 2149, 2157 (2019) (citing *Heck*, 512 U.S. at 486). "This favorable-termination requirement, the Court explained, applies whenever 'a judgment in favor of the plaintiff would necessarily imply' that his prior conviction or sentence was invalid." *Id.* (quoting *Heck*, 512 U.S. at 487).

*Heck*'s bar applies in the prison disciplinary context if the "defect complained of by [Plaintiff] would, if established, necessarily imply the invalidity of the deprivation of [his] good-time credits[,]" *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Nonnette v. Small*, 316 F.3d 872, 875 (9th Cir. 2002), and if the restoration of those credits "necessarily" would "affect the duration of time to be served." *Muhammed*, 540 U.S. at 754; *see also Nettles*, 830 F.3d at 929 n.4 ("*Heck* applies only to administrative determinations that 'necessarily' have an effect on 'the duration of time to be served.' " (citations omitted)); *Ramirez*, 334 F.3d at 856 ("[T]he applicability of [*Heck*'s] favorable termination rule turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement.").

Here, a judgment in Plaintiff's favor would necessarily imply the invalidity of his disciplinary conviction and his subsequent credit loss. *See Edwards*, 520 U.S. at 648 (finding prisoner's claims for declaratory relief and money damages "based on allegations

of deceit and bias on the part of the decisionmaker . . . necessarily imply the invalidity of the punishment imposed, [and are] not cognizable under § 1983.").

Therefore, there Court must dismiss Plaintiff's due process claims because he failed to allege that his disciplinary conviction has already been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487.

For all the above reasons, the Court **DISMISSES** Plaintiff's Fourteenth Amendment due process claims against Defendant White for failing to state a claim upon which relief may be granted.

### D. Remaining Defendants

As for Defendants Cordero and Whitman, the Court finds Plaintiff's Complaint contains "sufficient factual matter, accepted as true," to state Eighth Amendment claim for relief that is "plausible on its face," *Iqbal,* 556 U.S. at 678, and therefore, sufficient to survive the "low threshold" set for sua sponte screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (failure to protect claims under the Eighth Amendment require a showing that "the official [knew] of and disregard[ed] an excessive risk to inmate health or safety.") Therefore, the Court will direct the U.S. Marshal to effect service of summons Plaintiff's Complaint on his behalf.[2] *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

---

[2] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

### III. Conclusion and Order

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **ORDERS** the Secretary of the CDCR, or her designee, to collect from Plaintiff's trust account the full $350 filing fee owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Kathleen Allison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's claims against Defendant White *sua sponte* based on his failure to state a claim against him pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and **DIRECTS** the Clerk of the Court to terminate Defendant White as a party to this matter.

5. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendants Cordero and Whitman and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for these Defendants. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint (ECF No. 1), and the summons so that he may serve them upon Defendants Cordero and Whitman. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285 as completely and accurately as possible, *include an address where Defendants Cordero and Whitman may be served*, *see* S.D. Cal. CivLR 4.1.c, and return it to the U.S. Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

6. **ORDERS** the U.S. Marshal to serve a copy of Plaintiff's Complaint and summons upon Defendants Cordero and Whitman as directed by Plaintiff on the U.S. Marshal Form 285 provided to him. All costs of that service will be advanced by the United

States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

7. **ORDERS** Defendants Cordero and Whitman, once served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Fed. R. Civ. P. 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

8. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants Cordero and Whitman, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon the Defendants, may be disregarded.

**IT IS SO ORDERED**.

Dated: November 5, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge