UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DAVALL, CDCR #AW-8294, <br><br> Plaintiff, <br><br> vs. <br><br> A. CORDERO; D. WHITE; WHITMAN, <br><br> Defendants. | Case No.: 3:20-cv-1968 JLS (KSC) <br><br> **ORDER DENYING MOTION FOR RECONSIDERATION** <br><br> (ECF No. 7) |

  Presently before the Court is Plaintiff Joseph Davall's Motion for Reconsideration of the dismissal of Defendant White, which the Court construes as a motion brought pursuant to Federal Rule of Civil Procedure 60. (*See* "Mot.," ECF No. 7.) Plaintiff, an inmate currently incarcerated at Calipatria State Prison, filed the present civil rights action pursuant to 42 U.S.C. § 1983. ("Compl.," ECF No. 1.) Plaintiff also filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.) On November 5, 2020, the Court granted Plaintiff's Motion to Proceed IFP, dismissed Defendant White for failing to state a claim against him, and directed the United States Marshals Service to effect service of the Complaint on the remaining Defendants. (*See* ECF No. 4.) Plaintiff filed the present motion on November 18, 2020.

## LEGAL STANDARD

Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifying relief. Fed. R. Civ. P. 60(b).

## ANALYSIS

In Plaintiff's Motion, he claims the dismissal of Defendant White was improper because "Captain White did not have authority to confine me longer than 10 days," and Plaintiff's 180-day sentence to administrative segregation was "simply illegal under any circumstance." (Mot. at 1.)

In the Court's November 5, 2020 Order, the Court found that Plaintiff's claims regarding his administrative segregation placement following his disciplinary hearings presided over by Defendant White failed to state a Fourteenth Amendment due process claim. (ECF No. 4 at 6.) Specifically, the Court found that Plaintiff's claims of deprivations he suffered as a result of his disciplinary conviction, *i.e.*, "C" status detention, lost custody credits, and the loss of 180 days of television, phone, and dayroom privileges, *see* Compl. at 4, failed to demonstrate the type of "atypical and significant hardships" required by *Sandin* to invoke any liberty interest entitled to *Wolff*'s procedural protections. (*Id.* at 6 (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Wolff v. McDonnell*, 418 U.S. 539, 564–71 (1974)).)

Plaintiff appears to argue that the Court should have ignored *Sandin* and find that White violated *Wolff*'s procedural protections. (Mot. at 2.) However, Plaintiff is incorrect. As the Supreme Court held in *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005), the "*Sandin* standard requires us to determine if [assignment to segregation] 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Id.*

The Court did so in the November 5, 2020 Order. Plaintiff argues that White failed to follow prison procedure and "[w]e need not consider what is ordinary prison life in segregation." (ECF No. 7 at 2.) That simply is incorrect and directly conflicts with the holding of *Sandin*.

A prisoner is entitled to certain due process protections when he is charged with a disciplinary violation. *Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003) (citing *Wolff*, 418 U.S. at 564–71). "Such protections include the rights to call witnesses, to present documentary evidence and to have a written statement by the fact-finder as to the evidence relied upon and the reasons for the disciplinary action taken." *Id.* These procedural protections, however, "adhere only when the disciplinary action implicates a protected liberty interest in some 'unexpected matter' or imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Id.* (quoting *Sandin*, 515 U.S. at 484); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

In addition, the Court found that even if he had stated a Fourteenth Amendment claim against White, his claim for relief seeking restoration of good time credits would potentially create a procedural hurdle. (ECF No. 4 at 8.) In *Heck v. Humphrey*, the United States Supreme Court held that a § 1983 claim cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 486–87.

*Heck*'s bar applies in the prison disciplinary context if the "defect complained of by [Plaintiff] would, if established, necessarily imply the invalidity of the deprivation of [his] good-time credits[,]" *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Nonnette v. Small*, 316 F.3d 872, 875 (9th Cir. 2002), and if the restoration of those credits "necessarily" would "affect the duration of time to be served." *Muhammad v. Close*, 540 U.S. 749, 754 (2004); *see also Nettles v. Grounds*, 830 F.3d 922, 929 (9th Cir. 2016) ("*Heck* applies only to administrative determinations that 'necessarily' have an effect on 'the duration of time to be served.'" (citations omitted)); *Ramirez*, 334 F.3d at 856 ("[T]he applicability of [*Heck*'s] favorable termination rule turns solely on whether a successful § 1983 action

would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement.").

In his Motion, Plaintiff argues that he is currently serving a term of life without the possibility of parole. (*See* ECF No. 3.) Therefore, Plaintiff argues that the restoration of good time credits would not make any difference in the duration of the time he will serve. (*See id.*) It is not clear why Plaintiff then sought "restoration of 180 days of lost credits" in this Complaint. (Compl. at 7.) Regardless of whether the *Heck* bar applies to Plaintiff's Fourteenth Amendment due process claims as to White, the outcome would remain the same as Plaintiff failed to allege facts sufficient to state a Fourteenth Amendment due process claim against White.

A motion for reconsideration cannot be granted merely because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding preceden,t or because he disagrees with the ultimate decision. *See* 11 Charles Alan Wright & Arthur R. Miller Federal Practice & Procedure § 2810.1 (3d ed.) ("[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.").

## CONCLUSION

For the reasons explained, the Court **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 7).

**IT IS SO ORDERED**.

Dated:  December 11, 2020

Hon. Janis L. Sammartino
United States District Judge