UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DAVALL, CDCR #AW-8294,<br><br>Plaintiff,<br><br>v.<br><br>A. CORDERO; D. WHITE; WHITMAN,<br><br>Defendants. | Case No.: 3:20-cv-1968-JLS-KSC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>**[Doc. No. 19]** |

Plaintiff Joseph Davall ("plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983, alleging defendants violated his rights under the United States Constitution. *See* Doc. No. 1. Before the Court is plaintiff's Motion for Appointment of Counsel ("Motion" or "Mot."). Doc. No. 19. For the reasons set forth below, the plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

## I. BACKGROUND

On October 5, 2020, plaintiff filed this action, alleging that defendants violated his rights under the Eighth and Fourteenth Amendments. *See* Doc. No. 1 at 3-5.[1]  On November 5, 2020, the District Court, having conducted the *sua sponte* screening required

---

[1] All page references are to the ECF-generated page numbers.

1

by 28 U.S.C. §§ 1915(e)(2) and 1915A(b), dismissed plaintiff's claims against defendant White but determined that plaintiff alleged sufficient factual content to survive initial screening as to his Eighth Amendment claim against defendants Cordero and Whitman. Doc. No. 4 at 8-9.  On November 18, 2020, plaintiff moved for reconsideration of the *sua sponte* dismissal of defendant White, which the District Court denied.  *See* Doc. Nos. 7, 11.  On December 2, 2020, plaintiff moved for a preliminary injunction and temporary restraining order, which remains pending before the District Court (the "TRO Motion"). *See* Doc. No. 9.

On January 14, 2021, plaintiff filed the instant Motion.  Plaintiff requests that the Court appoint counsel to represent him in this matter for the following reasons: (1) he is currently unable to access the law library due to COVID-19 related restrictions in place where he is incarcerated; (2) his case will require "significant and confidential" discovery; (3) litigating his case will require "professional" cross-examination of defendant and other witnesses; (4) he may need to amend his complaint; and (5) the issues presented in his case are "complex."  *See* Mot. at 1-2.

## II.   DISCUSSION

"There is no absolute right to counsel in civil proceedings."  *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994).  However, District Courts have discretion to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances."  *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989).  "That a *pro se* litigant may be better served with the assistance of counsel is not the test."  *Okler v. MCC IMU Prison*, No. 3:18-cv-05458-RJB-TLF, 2019 WL 461143, at *1 (W.D. Wash. Feb. 5, 2019).  Instead, the Court "must determine whether a) there is a likelihood of success on the merits; and b) the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved."  *Cano v. Taylor*, 739 F.3d 1214, 1219 (9th Cir. 2014).  "None of these factors is dispositive; rather they must be considered cumulatively."  *Id.*

//

## A.     Likelihood of Success

Plaintiff does not identify, nor does the Court's independent review of the record reveal, any facts to support a finding that he may succeed on the merits of his claims. Although his claims against the individual defendants survived initial screening, the District Court's determination that plaintiff may be able to state a claim against defendant "by no means demonstrates that [he] is likely to win." *Ortega v. CSP-SAC Prison Officials*, No. 2:08–00588 SOM, 2010 WL 2598228, at *1 (D. Haw. June 7, 2010). The Court finds this factor weighs against appointing counsel to represent plaintiff in this matter.

## B.     Plaintiff's Ability to Pursue His Claims

The Court is also not persuaded that plaintiff lacks the ability to pursue his claims because of the complexity of the legal issues presented. In the three and a half months since initiating this action, plaintiff has consistently demonstrated the ability to effectively articulate his claims. In addition to a complaint that survived initial screening, plaintiff has also filed a Motion to Proceed *In Forma Pauperis*, a Motion for Reconsideration, the TRO Motion, the instant Motion, and an objection to the District Court's allowance of a late opposition to his TRO Motion. *See* Doc. Nos. 1, 2, 7, 9, 17 and 19. The Court finds plaintiff's litigation activity thus far demonstrates that he understands basic litigation procedure and can advocate on his own behalf.

While it may be true that "professional representation" would assist plaintiff with the necessary "investigation and discovery" to litigate his claim, Mot. at 1, the hardships plaintiff has identified are shared by most (if not all) incarcerated litigants and do not "indicate exceptional factors." *See Wood v. Housewright*, 900 F.2d 1332, 1335–1336 (9th Cir. 1990). "Even if it is assumed that [p]laintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional." *Williams v. Lozano*, No. 1:15-cv-01250-BAM (PC), 2018 WL 558765, at *1 (E.D. Cal. Jan. 25, 2018). The Court finds that that fact plaintiff will (or may) need to conduct discovery, take testimony from witnesses, or amend his pleadings are not exceptional to his case but are common among all incarcerated litigants and indeed all

participants in civil litigation.  Moreover, the Court understands that plaintiff's access to the law library may be limited due to increasing restrictive measures put in place to prevent the spread of COVID-19.  Mot. at 1.  Yet, this difficulty is also common most incarcerated litigants today.  For that reason, the Court will consider any reasonable request by plaintiff for additional time to meet the Court's deadlines, and will grant any such request for good cause shown.

### C. Conclusion

For the reasons set forth above, the Court finds plaintiff has not met his burden to establish exceptional circumstances warranting the appointment of counsel to represent plaintiff in this matter at taxpayer expense.  Plaintiff may renew his request if his situation changes such that he can make the necessary showing that he is both likely to succeed on the merits of his claims, and unable to competently articulate those claims.  *Cano*, 739 F.3d at 1219.

### ORDER

Plaintiff's Motion for Appointment of Counsel [Doc. No. 19] is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated:  January 25, 2021

Hon. Karen S. Crawford
United States Magistrate Judge