UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DAVALL,<br>CDCR #AW-8294,<br><br>         Plaintiff,<br><br>  vs.<br><br>A. CORDERO, Correctional Officer;<br>WHITMAN, Associate Warden,<br><br>         Defendants. | Case No.: 3:20-cv-1968 JLS (KSC)<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT WHITMAN'S MOTION TO DISMISS; AND (2) DIRECTING ATTORNEY GENERAL'S OFFICE TO PROVIDE CONFIDENTIAL ADDRESS OF DEFENDANT CORDERO**<br><br>(ECF No. 22) |

  Presently before the Court is Defendant Whitman's ("Defendant" or "Whitman") Motion to Dismiss Plaintiff's Complaint ("Mot.," ECF No. 22). Plaintiff Joseph Davall filed an Opposition to Defendant's Motion ("Opp'n," ECF No. 29), and Defendant filed a Reply in support of her Motion ("Reply," ECF No. 32). The Court took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 26. Having carefully considered Plaintiff's Complaint and the Parties' briefs, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

# BACKGROUND

## I. Plaintiff's Allegations[1]

Plaintiff, currently incarcerated at Calipatria State Prison ("CAL") located in Calipatria, California, is proceeding pro se and in forma pauperis ("IFP") in this civil rights action pursuant to 42 U.S.C. § 1983. On October 5, 2020, Plaintiff filed his Complaint. (*See* "Compl.," ECF No. 1.) Plaintiff alleges that in July of 2019, Plaintiff met with Defendant Cordero,[2] a correctional counselor, regarding "transfer to a Level 3 facility." (*Id.* at 3.) Plaintiff informed Cordero that he "needed a single cell" because his cellmate was asking him for "paperwork to prove" that Plaintiff is not a sex offender. (*Id.*) Plaintiff informed Cordero that there were gang members housed in his yard and he would be assaulted by any potential cellmate if they found out he was a sex offender. (*See id.*) However, Cordero told Plaintiff that he would not be housed in a single cell, and he would have to "do something really bad to get a single cell." (*Id.*)

Later in July, Plaintiff "again approached Counselor Cordero" and informed him that his cellmate was "becoming more aggressive and demanding paperwork." (*Id.*) Plaintiff again requested a single cell, but Cordero denied his request. (*See id.*) On July 28, 2019, Plaintiff's cellmate attacked him, which resulted in Plaintiff breaking two of his fingers while defending himself, and he received a "write up causing credit loss." (*Id.*)

Plaintiff submitted an inmate appeal on February 14, 2020, requesting a single cell. (*See id.* at 5.) However, Defendant Whitman denied this request "despite [Plaintiff's] safety concerns." (*Id.*) In support of this decision to deny Plaintiff's request, Whitman cited to Plaintiff's purported statements to other CAL officials that Plaintiff had "no immediate safety concerns." (*Id.*) Plaintiff claims his safety concerns were ignored, and

///

---

[1] These are the allegations set forth in Plaintiff's Complaint but do not include the allegations against Defendant White, who has been dismissed from this action. *See* ECF No. 4 at 9.

[2] Defendant Cordero has not yet been properly served in this matter.

"staff threatened to transfer [Plaintiff] to another prison if [he] did not withdraw [his] initial safety concern." (*Id.*)

Plaintiff seeks injunctive relief, $500,000 in compensatory damages, $500,000 in punitive damages, restoration of 180 days lost credits, and an "emergency temporary order for single cell pending resolution of this lawsuit." (*Id.* at 7.)

## II.     Procedural History

Plaintiff filed his initial Complaint and Motion to Proceed IFP in this case on October 5, 2020. (*See* ECF Nos. 1, 2.) The Court granted Plaintiff's Motion to Proceed IFP, dismissed his Fourteenth Amendment due process claims against Defendant White for failing to state a claim and found that Plaintiff's Complaint contained "sufficient factual matter, accepted as true," to state an Eighth Amendment claim against Defendants Cordero and Whitman for relief that are "plausible on [their] face," to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). (ECF No. 4 at 9.) Accordingly, the Court directed the U.S. Marshal's service to effect service on Plaintiff's behalf. (*See id.* at 10–11.)

On January 19, 2021, Defendant Whitman filed the present Motion to Dismiss Plaintiff's Eighth Amendment claim for failing to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6). (*See* Mot.) On February 1, 2021, Plaintiff filed his Opposition to Defendant Whitman's Motion. (*See* Opp'n.) Defendant Whitman filed her Reply on March 12, 2021. (*See* Reply.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); *Bryan v. City of Carlsbad*, 207 F. Supp. 3d 1107, 1114 (S.D. Cal. 2018).

Because Rule 12(b)(6) focuses on the "sufficiency" of a claim rather than the claim's substantive merits, "a court may [ordinarily] look only at the face of the complaint to decide

a motion to dismiss," *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002), including the exhibits attached to it. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citing *Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc.*, 583 F.2d 426 (9th Cir. 1978) ("[M]aterial which is properly submitted as part of the complaint may be considered" in ruling on a Rule 12(b)(6) motion to dismiss). However, exhibits that contradict the claims in a complaint may fatally undermine the complaint's allegations. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (holding a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims") (citing *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998) ("[Courts] are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint."))); *see also Nat'l Assoc. for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (holding courts "may consider facts contained in documents attached to the complaint" to determine whether the complaint states a claim for relief).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Villa v. Maricopa Cnty.*, 865 F.3d 1224, 1228–29 (9th Cir. 2017). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility requires pleading facts, as opposed to conclusory allegations or the "formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, which rise above the mere conceivability or possibility of unlawful conduct. *Iqbal*, 556 U.S. at 678–79; *Somers v. Apple, Inc.*, 729 F.3d 953, 959–60 (9th Cir. 2013). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. While a pleading "does not require 'detailed factual

allegations,'" Rule 8 nevertheless "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Therefore, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted); *accord Lacey v. Maricopa Cnty.*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences [drawn] from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

## ANALYSIS

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035–36 (9th Cir. 2015).

I.  **Eighth Amendment Claims**

Defendant Whitman moves to dismiss the Eighth Amendment claims against her. *See generally* Mot. "[T]he Eighth Amendment requires that prison officials 'must take reasonable measures to guarantee the safety of the inmates.'" *United States v. Williams*, 842 F.3d 1143, 1153 (9th Cir. 2016) (Kleinfeld, J., dissenting) (quoting *Griffin v. Gomez*, 741 F.3d 10, 21 (9th Cir. 2014)). Prison officials have a duty under the Eighth Amendment "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quoting *Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir. 1988)); *see also Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009). "It is not, however, every injury suffered by one prisoner at the hands of another that translates

into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834. "In *Wilson v. Seiter*, [the Supreme Court] rejected a reading of the Eighth Amendment that would allow liability to be imposed on prison officials solely because of the presence of objectively inhumane prison conditions." *Id.* at 838 (citing *Wilson*, 501 U.S. 294, 299–302 (1991)).

Therefore, a prison official's failure to protect an inmate violates the Eighth Amendment only when "(1) the deprivation alleged is 'objectively, sufficiently serious' and (2) the prison officials had a 'sufficiently culpable state of mind,' acting with deliberate indifference." *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005) (quoting *Farmer*, 511 U.S. at 834).

To satisfy the first objective pleading requirement, the prisoner must allege sufficient factual content to plausibly "'show [] that he is incarcerated under conditions posing a substantial risk of serious harm.'" *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1075 (9th Cir. 2013) (quoting *Farmer*, 511 U.S. at 834); *see also Disability Rights Montana, Inc. v. Batista*, 930 F.3d 1090, 1097 (9th Cir. 2019). To satisfy the second subjective pleading requirement, he must also "plead factual content" to show that each defendant was aware of facts from which the inference could be drawn that a substantial risk of harm existed, and that each also drew and disregarded that inference. *Iqbal*, 556 U.S at 678; *Farmer*, 511 U.S. at 837.

Defendant Whitman argues that she cannot be held liable for Plaintiff's Eighth Amendment claims because she only learned of the alleged specific threat to Plaintiff's safety seven months *after* the alleged altercation, and Plaintiff has only alleged a "generalized fear of harm," which is insufficient to state a claim. (Mot. at 12–13.) Specifically, Defendant Whitman argues that there is "no allegation that Plaintiff complained to Whitman beforehand, or that she had any knowledge of the July 28, 2019 incident." (*Id.* at 12.)

In his Opposition, Plaintiff does not contradict the assertion by Whitman that she had no knowledge of any threat to Plaintiff's safety prior to the incident that occurred on

July 28, 2019. Instead, Plaintiff argues that once Whitman became aware of this incident following the filing of his grievance and "three incidents of victimization" from his previous cellmates, "that is sufficient causation" to show that Whitman became aware of his safety concerns but refused to provide him with a single cell. (Opp'n at 1–2.)

Plaintiff further contends that Defendant Whitman's Motion should be "denied as frivolous" because it is "presumptuous to assert that this Court was wrong in this sua sponte screening." (*Id.* at 1.) However, as the Court informed Plaintiff in the November 5, 2020 Order screening his Complaint, "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." (Nov. 5, 2020 Order, ECF No. 4 (quoting *Teahan v. Wilhelm*, 481 F. Supp. 2d 115, 119 (S.D. Cal. 2007))).

Here, the Court finds that Plaintiff's Complaint fails to sufficiently allege any specific facts that would demonstrates that Whitman was aware of a risk to his safety prior to the incident on July 28, 2019. Plaintiff does not allege any facts to plausibly show that Whitman knew of and disregarded any known or obvious excessive risk to his safety or failed to take reasonable steps to abate such a risk prior to July 28, 2019. *Farmer*, 511 at 837.

Whitman also argues that to the extent that Plaintiff asked for "permanent single-cell status seven months later, it was due to a generalized fear of harm only." (Mot. at 13.) Plaintiff argues that Whitman's response to his grievance put her on notice that he had a history of exposure to violence when he was housed with other inmates. (*See* Opp'n at 1.) Attached to Plaintiff's Complaint, he submits the appeal response prepared by Whitman responding to Plaintiff's grievance that he filed requesting a single cell "to protect [his] safety." (Compl. at 42–43, First Level Appeal Response Log No. CAL-D-00261 dated March 25, 2020.) In this response, Whitman writes that Plaintiff spoke with Lieutenant

///

///

///

Cowey,[3] and Plaintiff told Cowey that he "had no enemy or safety concerns and could safely program on CAL's Facility D." (*Id.* at 43.) In his Opposition, Plaintiff argues that when he told Cowey he had no safety concerns, he was speaking to the fact that at the time he was housed in administrative segregation ("ad-seg") in a single cell and thus, had no immediate safety concern. (Opp'n at 2.) However, Plaintiff argues that he had a safety concern when he was released from ad-seg. (*See id.*) While it may be true that Plaintiff had a safety concern after Whitman responded to his grievance, Plaintiff's only allegations against Whitman arise from her response to this grievance. Plaintiff acknowledges that he did report to Cowey, the correctional officer who interviewed Plaintiff regarding his grievance, that he did not have any safety concerns. He does not allege that he ever addressed his safety concerns directly to Whitman following her response to his grievance.

Plaintiff must include "factual content that allows the court to draw the reasonable inference" that Whitman knew he faced a substantial risk of danger, and yet chose to ignore it. *Iqbal*, 556 U.S. at 678, *Farmer*, 511 U.S. at 847. He has not done so.

Accordingly, Defendant Whitman's Motion to Dismiss Plaintiff's Eighth Amendment claims against her in her individual capacity is **GRANTED**.

## II. Official Capacity Claims

Defendant Whitman also argues that Plaintiff has not "stat[ed] a viable official-capacity Section 1983 claim against [her]." (Mot. at 16.) The Eleventh Amendment bars a prisoner from seeking monetary damages in a § 1983 action against state actors sued in their official capacities. *See Will v. Michigan*, 491 U.S. 58, 66 (1989). However, it does not bar actions against state officials seeking prospective injunctive relief. *See Quern v. Jordan*, 44 U.S. 332, 337 (1979).

"A plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged

---

[3] Cowey is not a named Defendant.

constitutional violation. Rather a plaintiff need only identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief." *Hartmann v. Cal. Dep't of Corr. & Rehab*, 707 F.3d 1114, 1127 (9th Cir. 2013) (internal citations omitted).

Whitman argues that while it is "undisputed Plaintiff is seeking prospective injunctive relief in the form of an order preventing CDCR from assigning him a cellmate," Plaintiff has failed to allege that he is "challenging the constitutionality of a custom or policy" or that Whitman is "the appropriate official to respond to the requested relief." (Mot. at 17.)

Plaintiff has alleged that Whitman was the CAL official who responded to his request for a single cell based on his safety concerns and thus, she is the appropriate official to handle his request for injunctive relief. (*See* Compl. at 2, 5.) Plaintiff has also alleged that the "CDCR policy" to "not give a single cell until after violence has occurred" violates his constitutional rights. (*Id.* at 5.) Therefore, the Court finds that Plaintiff has adequately alleged that Whitman is the "proper official-capacity" defendant for his Eighth Amendment claims. *Hartman*, 707 F.3d at 1127.

Accordingly, Defendant Whitman's Motion to Dismiss Plaintiff's Eighth Amendment official-capacity claim against her is **DENIED**.

**III.   State Law Claims**

Defendant Whitman also seeks dismissal of Plaintiff's claims brought under the Prion Rape Elimination Act ("PREA") on the ground that PREA does not create a private cause of action. (*See* Mot. at 16.) In his Complaint, which is not entirely clear, it appears that Plaintiff is alleging that Whitman violated PREA when she denied his request for a single cell "despite [his] safety concerns." (*See* Compl. at 5.)

While neither the Supreme Court nor the Ninth Circuit has ruled on whether a private cause of action can be brought under PREA, "district courts nationwide has found that the PREA does not create a private cause of action that can be brought by an individual plaintiff." *Hatcher v. Harrington*, 2015 WL 474313, at *5 (D. Haw. Feb. 5. 2015) ("[T]his

Court concludes that the PREA creates no private right of action." (citations omitted)); *Chapman v. Willis,* 2013 WL 2322947, at *4 (W.D. Va. May 28, 2013) (same); *Pope v. Or. Dep't of Corr.,* 2012 WL 1866601, at *4 (D. Or. May 22, 2012); *Porter v. Jennings,* 2012 WL 1434986, at *1 (E.D. Cal. Apr. 25, 2012); *Ball v. Beckworth,* 2011 WL 4375806, at *4 (D. Mont. Aug. 31, 2011), R & R adopted 2011 WL 4382074 (D. Mont. Sept. 19, 2011); *Bell v. Cnty. of L.A.,* 2008 WL 4375768, at *6 (C.D. Cal. Aug. 25, 2008).

A private cause of action "to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). In order for an individual to bring a private cause of action under a federal statute, they must show that this ability is "authorized by the explicit statutory test or, in some instances, may be implied from the statutory test," where there is "clear evidence" of Congressional intent. *Nisqually Indian Tribe v. Gregoire*, 623 F.3d 923, 929 (9th Cir. 2010). This Court is persuaded by the findings of these district courts that there is "[n]othing in the PREA [that] explicitly or implicitly suggests that Congress intended to create a private right of action for inmates to sue prison officials for noncompliance with the Act." *Hatcher*, 2015 WL 474313, at *5.

Thus, Defendant Whitman's Motion to Dismiss Plaintiff's claims brought pursuant to PREA is **GRANTED**.

### IV.  Claims Against Cordero

As noted above, Defendant Cordero has not been properly served in this action. The U.S. Marshal returned proof of service as unexecuted on January 15, 2021, with a notation that Defendant Cordero "transferred out of Calipatria, unable to accept service on his behalf." (ECF No. 21.)

Rule 4 of the Federal Rules of Civil Procedure provides that:
> [i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding IFP, a United States Marshal, upon order of the court, serves the summons and the complaint. Fed. R. Civ. P. 4(c)(3) (providing for service by a United States Marshal or deputy marshal "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C § 1915"); 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause.'" *Walker*, 14 F.3d at 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)).

The Court enjoys broad discretion under Rule 4(m) to extend time for service even without a showing of good cause. *In re Sheehan,* 253 F.3d 507, 513 (9th Cir. 2001); *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) (holding that district court may, under the broad discretion granted by Fed. R. Civ. P. 4(m), extend time for service retroactively after the service period has expired).

Here, the Court finds Plaintiff has provided information "necessary to sufficiently identify" Defendant Cordero. *Walker*, 14 F.3d at 1422. Because it appears the only reason the U.S. Marshal was previously unable to effect service upon Defendant Cordero may be because he is no longer employed at CAL, or he transferred to another institution within the CDCR, and *so long as the privacy of Defendant Cordero's forwarding addressed can be preserved*, Plaintiff is entitled to rely on the U.S. Marshal to effect service upon him on his behalf. *See Puett*, 912 F.2d at 275.

The Court will therefore direct the Deputy Attorney General assigned to this case to contact the Litigation Coordinator at CAL and ask that he or she provide any and all

forwarding addresses for Defendant Cordero in his or her possession, or which are obtainable from the CDCR's personnel records, and to forward those addresses to the U.S. Marshal in a *confidential memorandum* indicating that the summons and Plaintiff's Complaint (ECF No. 1) is to be served upon Cordero at the address provided.[4]

## CONCLUSION

Accordingly, the Court:

(1)     **GRANTS** Defendant Whitman's Motion to Dismiss the Eighth Amendment claims against her in her individual capacity pursuant to Fed. R. Civ. P. 12(b)(6);

(2)     **DENIES** Defendant Whitman's Motion to Dismiss the Eighth Amendment claims against her in her official capacity pursuant to Fed. R. Civ. P. 12(b)(6);

(3)     **GRANTS** Defendant Whitman's Motion to Dismiss all state law claims against her pursuant to Fed. R. Civ. P. 12(b)(6).

**It is further Ordered that**:

(4)     The Deputy Attorney General assigned to this case shall determine the forwarding address for Defendant Cordero from the records of the Litigation Coordinator at CAL, and provide those addresses to the U.S. Marshal in a *confidential memorandum* indicating that the summons and Plaintiff's Complaint (ECF No. 1) are to be served upon Defendant Cordero at that address, as soon as possible;

5)     The U.S. Marshal, pursuant to Fed. R. Civ. P. 4(c)(3), (m) and 28 U.S.C. § 1915(d), is directed to effect service of Plaintiff's Complaint (ECF No. 1) and summons upon Defendant Cordero *within 30 days of receiving* Cordero's confidential forwarding address. The U.S. Marshal shall return proof of that service, and/or any attempts of unsuccessful service as to Defendant Cordero within 30 days of receipt of Cordero's

---

[4] Pursuant to this confidential service Order, Defendant Cordero's address shall not appear on any U.S. Marshal Form 285, be made accessible to Plaintiff under any circumstances, or be made part of the Court's record. While a "state prison official may be justifiably reluctant to provide employee addresses to a prisoner . . . due to security concerns, it can hardly claim the same reluctance in providing the information to a federal law enforcement agency." *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995).

1  address, *but shall not include the confidential forwarding addresses on the U.S. Marshal*
2  *Form 285s to be filed in the Court's docket.*

3  **IT IS SO ORDERED**.

4  Dated:  June 1, 2021

*[signature]*
Hon. Janis L. Sammartino
United States District Judge