UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DAVALL, CDCR #AW-8294,<br><br>Plaintiff,<br><br>v.<br><br>A. CORDERO; D. WHITE; WHITMAN,<br><br>Defendants. | Case No.:  20-cv-1968-JLS-KSC<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION TO APPOINT COUNSEL**<br><br>**[Doc. No. 44]** |

Plaintiff Joseph Davall ("plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that he was targeted by other inmates because he is a convicted sex offender, and that defendants failed to protect him from assault by his cellmate in violation of his constitutional rights.  *See generally* Doc. No. 1.  Before the Court is plaintiff's Motion for Appointment of Counsel ("Motion" or "Mot."). Doc. No. 44.  This is plaintiff's second request for counsel.  *See* Doc. Nos. 19, 27.  For the reasons set forth below, plaintiff's Motion is **DENIED**.

**I. Plaintiff's Rationale for Appointment of Counsel**

In his Motion, plaintiff states he needs a "public defender" to help him conduct effective discovery, comply with the schedule for completing discovery, and to help him obtain expert testimony. Mot. at 1.  With regards to discovery, plaintiff states that he needs discovery into the records of his old "celleys" (i.e., cellmates) to determine if they have a

history of harming sex offenders, but that "the prison" will not give him access to these "confidential 'C' file[s]." *Id*. Plaintiff reasons that if he had counsel, he would be able to get these files, which would help him prove he should not have been housed with these "celleys." *Id*. Plaintiff also states he needs appointed counsel to properly acquire expert testimony. *Id*. He states: "I simply do not have the resources available to correspond and obtain the necessary expert testimony and or deposition, therefore counsel is needed." *Id*.

## II. Legal Standard

In civil cases, a plaintiff does not have the right to counsel and must, as plaintiff has here, file a motion with the court to demonstrate that counsel is needed. *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014). The Court may, in its discretion, request pro bono counsel for a *pro se* litigant where the need for counsel is sufficiently established. *Id*. In the Ninth Circuit, that analysis requires the Court to consider whether a plaintiff has demonstrated "exceptional circumstances" that warrant the assistance of counsel. *Id*. "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citation omitted). Neither of these considerations is dispositive and must be looked at together. *Id*.

## III. Discussion

The Court finds that plaintiff has not met his burden to demonstrate exceptional circumstances that warrant the appointment of counsel at the taxpayers' expense. Plaintiff has not shown that his claim is likely to succeed on its merits, and the record before the Court demonstrates that plaintiff is able to effectively articulate his claims.

As before, plaintiff's Motion fails to demonstrate the likelihood that he will succeed on his claims. *See* Doc. No. 27 at 3. Plaintiff speculates that his motion for a preliminary injunction would have been successful if he had the assistance of counsel, but he does not provide support for this conclusion, and does not otherwise identify facts to support a finding that he may succeed on the merits of his claims. *See* Mot. at 2. Considering the

early stage of the case, and without any further showing by plaintiff, the Court cannot find that this case is likely to succeed on its merits. *See Stevenson v. Beard*, 2020 U.S. Dist. LEXIS 230259, at \*\*6-7 (S.D. Cal. December 7, 2020) (stating that it was too early in the litigation process for the Court to opine on the likelihood of the claim's success). While some of plaintiff's claims have survived up to this point, this is not evidence that he is likely to prevail. *See Ortega v. CSP-SAC Prison Officials*, 2010 U.S. Dist. LEXIS 77987, at \*\*4-5 (D. Haw. June 7, 2010) (holding that plaintiff had not demonstrated a likelihood of success merely because the court found his claims "potentially viable"). For these reasons, the Court finds that this factor weighs against the appointment of counsel.

The Court must also look at plaintiff's ability to articulate his claim in light of the legal complexities of the case. *See Cano*, 739 F.3d at 1218. As before, plaintiff argues that discovery would be easier if he had an attorney. Mot. at 1; *see also* Doc. No. 19 at 1-2. However, this representation does not demonstrate an exceptional circumstance, but rather one that is experienced by most *pro se* prisoner litigants. *See Wood v. Housewright*, 900 F.2d 1332, 1335–1336 (9th Cir. 1990) ("The instances that [plaintiff] claims indicate the presence of these factors are difficulties which any litigant would have in proceeding *pro se*; they do not indicate exceptional factors."). Plaintiff's lack of legal training and experience to manage the discovery process – specifically, taking depositions and procuring expert witness testimony – is also not unique to plaintiff's case. In fact, these are challenges that nearly all incarcerated litigants face, and are thus far from exceptional.

The Court in *Sepulveda v. Galindo* explained that even where a plaintiff is not "formally trained in law, his allegations, as liberally construed, [may] show he nevertheless is fully capable of legibly articulating the facts and circumstances relevant to his claims, which are not legally 'complex.'" *Sepulveda v. Galindo*, 2021 U.S. Dist. LEXIS 39003, at \*25 (S.D. Cal. March 2, 2021) (quoting *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)) (internal citation omitted). The same reasoning applies here. The docket reflects that plaintiff has consistently demonstrated his ability to convey the facts and circumstances pertinent to his claim. Among other things, plaintiff filed a Complaint

that survived initial screening, a Motion to Proceed In *Forma Pauperis*, a Motion for Reconsideration, a Motion for a Temporary Restraining Order, a Motion for Summary Judgment, and two motions for appointment of counsel. *See* Doc. Nos. 1, 2, 7, 9, 19, 35 and 44. The Court therefore finds that he can competently articulate his claim, and that this factor also weighs against the appointment of counsel.

## IV. Conclusion

For the above reasons, the Court finds plaintiff has not carried his burden of demonstrating "exceptional circumstances" requiring the appointment of counsel. Plaintiff's Motion is accordingly **DENIED**. Plaintiff may file a renewed motion if he can make the necessary showing of exceptional circumstances. The Court advises plaintiff, however, that a renewed motion that merely repeats arguments already considered and rejected by the Court will not be granted.

**IT IS SO ORDERED.**

Dated: August 9, 2021

Hon. Karen S. Crawford
United States Magistrate Judge