UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DAVALL,<br><br>                       Plaintiff,<br><br>v.<br><br>A. CORDERO; et al.,<br><br>                       Defendants. | Case No.: 20-cv-1968-JLS-KSC<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTION TO DEFENDANT'S REQUEST TO DEPOSE HIM**<br><br>**[Doc. No. 50]** |

Before the Court is Plaintiff Joseph Davall's "Objection to Respondents [sic] Request to Depose [Plaintiff]." Doc. No. 50. For the reasons stated below, plaintiff's Objection is **OVERRULED**.

Plaintiff is currently incarcerated at Calipatria State Prison and is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On August 4, 2021, defendant Whitman ("defendant") sought the Court's leave pursuant to Federal Rule of Civil Procedure 30(a)(2)(B) to take plaintiff's deposition.[1] Doc. No. 46. The Court

---

[1] Federal Rule of Civil Procedure 30(a)(2)(B) requires a party to obtain the Court's leave to take the deposition of an incarcerated person.

granted the request on August 9, 2021, finding plaintiff's testimony relevant to the disposition of this action. *See* Doc. No. 48.

In his Objection, dated August 12, 2021, plaintiff states that defendant's request to take his deposition is "nothing more than a delay tactic" and that defendant "can not [sic] possibly hope to learn anything new by taking [his] deposition[.]" Doc. No. 50 at 1-2. The Court does not find this argument persuasive. The purpose of discovery is to develop factual support for a party's claims or defenses. Depositions are a regular and common device used for this purpose.

Plaintiff also states that it is "against the principles of a fair trial" to require that he sit for deposition because he is a *pro se* litigant whereas defendant is represented by "a seasoned attorney."[2] *Id.* at 2. The Court disagrees. Plaintiff's *pro se* status is not an excuse to refuse to engage in discovery or comply with the Court's rules and orders. *See Sanchez v. Rodriguez*, 298 F.R.D. 460, 470 (C.D. Cal. 2014) (adopting recommendation for dismissal for *pro se* plaintiff's willful noncompliance with discovery). Indeed, "[p]ro se litigants must follow the same rules of procedure that govern other litigants," including the Federal Rules of Civil Procedure, this District's Local Rules, and the undersigned's Chambers' Rules.[3] *Briones v. Riviera Hotel &* Casino, 116 F.3d 379, 381 (9th Cir. 1997) (citation omitted); *see also* CivLR 83.11.

For the foregoing reasons, the Court finds plaintiff has not shown any reason why his deposition should not proceed and therefore **OVERRULES** plaintiff's Objection [Doc. No. 50]. Plaintiff is ordered to cooperate with defendant in the scheduling and conduct of his deposition. If disputes arise regarding or during the deposition, plaintiff – like all

---

[2] Plaintiff also states "it would not be proper to allow a seasoned attorney to question me without the effective assistance of counsel." *Id.* at 2. To the extent this statement can be construed as a request that the Court appoint counsel to represent plaintiff, the request is denied for the reasons set forth in the Court's August 9, 2021 Order Denying Plaintiff's Second Motion to Appoint Counsel. Doc. No. 49.

[3] The Local Rules and the undersigned's Chambers' Rules are available on the Court's website. *See* www.casd.uscourts.gov/rules.

parties before the Court – is expected to meet and confer with defendant in good faith. If necessary and only after their meet and confer obligation has been satisfied, the parties may seek the Court's assistance in resolving a discovery dispute. *See* Chambers' Rules and Civil Pretrial Procedures for the Honorable Karen S. Crawford, § VIII.A.

**IT IS SO ORDERED.**

Dated: August 24, 2021

Hon. Karen S. Crawford
United States Magistrate Judge