UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DAVALL, CDCR #AW-8294,<br><br>                              Plaintiff,<br><br>v.<br><br>A. CORDERO; D. WHITE; WHITMAN,<br><br>                              Defendants. | Case No.:  3:20-cv-1968-JLS-KSC<br><br>**REPORT AND RECOMMENDATION FOR ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE**<br><br>**[Doc. No. 35]** |

Plaintiff Joseph Davall ("plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983, alleging defendants violated his rights under the United States Constitution by denying his request to be housed in a single cell. *See generally* Doc. No. 1.  Before the Court is plaintiff Joseph Davall's ("plaintiff") Motion for Summary Judgment ("Motion" or "Mot.").  Doc. No. 35.  Defendant Whitman[1] ("defendant" or "Whitman") opposes the Motion ("Opposition" or "Opp.", Doc. No. 47), and plaintiff filed a reply ("Reply").  Doc. No. 51.  Pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1, the undersigned Magistrate Judge submits this Report and

---

[1] Defendant White was previously dismissed from this Action. Doc. No. 4. Defendant A. Cordero has not appeared, and there is no indication on the docket that he has been served.

1  Recommendation to United States District Judge Janis L. Sammartino.  For the reasons

2  stated below, the Court **RECOMMENDS** that plaintiff's Motion be **DENIED**

3  **WITHOUT PREJUDICE** as premature and that defendant's request for relief pursuant to

4  Federal Rule of Civil Procedure 56(d) be **GRANTED**.

5  ## I.  PROCEDURAL HISTORY

6  Plaintiff filed his Complaint on October 5, 2020.  Doc. No. 1.  On January 19, 2021,

7  after the District Court denied plaintiff's motion for a preliminary injunction, Whitman

8  moved to dismiss the Complaint.  Doc. No. 22.  On May 21, 2021, before the District Court

9  had ruled on Whitman's motion to dismiss, plaintiff filed the instant Motion.  Doc. No. 35.

10  Given the pendency of the motion to dismiss, the District Court stayed briefing on the

11  Motion.  Doc. No. 36.  On June 1, 2021, the District Court issued an order granting in part

12  and denying in part Whitman's motion to dismiss plaintiff's Complaint.  Doc. No. 37.

13  Whitman answered the Complaint on June 15, 2021, to which plaintiff filed a "Reply" on

14  July 1, 2021.  Doc. Nos. 38, 41.  The District Court lifted the stay of briefing as to the

15  Motion, and referred the Motion to the undersigned for report and recommendation, by

16  order dated July 7, 2021.  Doc. No. 42.  Whitman's Opposition and plaintiff's Reply were

17  timely filed thereafter.  On June 24, 2021, before the District Court's order lifting the

18  briefing stay, the undersigned issued a Scheduling Order requiring that fact discovery be

19  completed by November 5, 2021, and that dispositive motions be filed no later than March

20  11, 2022, after the parties had completed fact and expert discovery.  *See* Doc. No. 39.  On

21  August 5, 2021, the undersigned granted Whitman's motion for leave to take plaintiff's

22  deposition pursuant to Rule 30(a)(2)(B).  Doc. No. 48.

23  Citing Federal Rule of Civil Procedure 56(d), Whitman requests the Court "either

24  deny [p]laintiff's [M]otion … because it is premature, or allow [her] seventy-five days to

25  conduct discovery and file an opposition."  Opp. at 1.  Whitman states she requires

26  additional time to develop evidence – specifically, plaintiff's deposition and possibly an

27  expert's opinion – to oppose the Motion.  *Id.* at 1-2.  Plaintiff opposes this request, stating

28  that defendant is "gaming the system" to create delay.  Reply at 4.

## II. DISCUSSION

Rule 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Phys. Svc.*, 314 F.3d 995, 1000 (9th Cir. 2002).  Under the Rule, where a party opposing summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the Court may: "(1) defer considering the [summary judgment] motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d)(1)-(3). Rule 56(d) is designed to address "premature" summary judgment motions, where the nonmoving party has not had a fair opportunity to conduct discovery prior to filing its opposition. *See Celotex Corp v. Catrett*, 477 U.S. 317, 326 (1986).  Where "a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should generally grant any Rule 56[(d)] motion fairly freely." *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003).

The Court finds that defendant has satisfied the requirements of Rule 56(d). Whitman's Opposition is accompanied by her counsel's declaration, in which counsel identifies the discovery that is necessary to oppose the Motion – specifically, testimony from plaintiff and other witnesses and document discovery – and explains how that discovery bears on the issues presented in the Motion.  *See* Doc. No. 47-1 at 1-2.  The Court rejects plaintiff's contention that Whitman has had "more than enough time" to obtain this discovery.  Reply at 1.  Whitman only recently answered the Complaint,[2] and while her counsel's declaration indicates she has obtained documents from some nonparties, there is no reason for the Court to believe that the necessary depositions and

---

[2] Plaintiff states that Whitman filed her answer in January 2021, misconstruing her motion to dismiss as a responsive pleading.  Mot. at 1; *see* Fed. R. Civ. P. 8.

1    document discovery could or should have been completed by now.  Indeed, the Court's

2    Scheduling Order permits discovery to continue for several more weeks.

3            The Court also rejects plaintiff's assertion that Whitman should not be allowed time

4    to take his deposition because it is unfair "to allow a seasoned attorney to question a *pro*

5    *se* litigant to defendant's favor."  Reply at 2.  Plaintiff does not cite any authority that

6    excuses him from participating in discovery by virtue of his *pro se* status.  To the contrary,

7    plaintiff is expected to comply with the Federal Rules of Civil Procedure, this District's

8    Local Rules, and the undersigned's Chambers' Rules.  *See Sanchez v. Rodriguez*, 298

9    F.R.D. 460, 470 (C.D. Cal. 2014) ("*pro se* status does not excuse intentional

10   noncompliance with discovery rules and court orders").

11           The Court also finds that no prejudice would result to plaintiff from the denial of his

12   Motion without prejudice to his ability to move again at a later stage of the litigation.  This

13   case is in the early stages of discovery and there is ample time before the March 11, 2022

14   deadline for dispositive motions for the parties to file motions for summary judgment.

15   Allowing the parties time to proceed with discovery and develop the evidence will serve

16   judicial economy and facilitate resolution of any dispositive motion on a more complete

17   record.  *See* Fed. R. Civ. P. 1 ("These rules … should be construed, administered, and

18   employed by the court and the parties to secure the just, speedy, and inexpensive

19   determination of every action and proceeding.").   Accordingly, the undersigned

20   **RECOMMENDS** that Whitman's request for Rule 56(d) relief be **GRANTED** and

21   Plaintiff's Motion be **DENIED WITHOUT PREJUDICE**.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

## RECOMMENDATION AND ORDER

Based on the foregoing, the Court **RECOMMENDS** that Defendant's request for relief under Rule 56(d) [Doc. No. 47] be **GRANTED** and Plaintiff's Motion for Summary Judgment [Doc. No. 35] be **DENIED WITHOUT PREJUDICE**.

**IT IS HEREBY ORDERED** that any party may file written objections with the Court and serve a copy on all parties on or before *September 20, 2021*. The document should be captioned "Objections to Report and Recommendation."

**IT IS HEREBY FURTHER ORDERED** that any reply to the objections shall be served and filed on or before *September 30, 2021*.

The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: August 24, 2021

Hon. Karen S. Crawford
United States Magistrate Judge

3:20-cv-1968-JLS-KSC