UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DAVALL,<br>CDCR #AW-8294,<br><br>                     Plaintiff,<br><br>   vs.<br><br>A. CORDERO; D. WHITE;<br>WHITMAN,<br><br>                    Defendants. | Case No.: 20-CV-1968 JLS (KSC)<br><br>**ORDER OVERRULING<br>PLAINTIFF'S OBJECTION TO<br>MAGISTRATE JUDGE'S ORDER**<br><br><br>(ECF No. 56) |

Presently before the Court is pro se Plaintiff Joseph Davall's Objection to U.S. Magistrate Judge Karen S. Crawford's Order Granting Defendants' Motion to Take Plaintiff's Deposition ("Objs.," ECF No. 56). Plaintiff objects to Magistrate Judge Crawford's August 5, 2021 Order ("Order," ECF No. 48), which granted Defendants' ex parte application pursuant to Federal Rule of Civil Procedure 30(a)(2)(B) and 30(b)(4) to depose Plaintiff, an incarcerated individual, and to conduct the deposition remotely. Having carefully considered Plaintiff's arguments and the law, the Court **OVERRULES** Plaintiff's objections.

///

///

## BACKGROUND

Plaintiff, currently incarcerated at Calipatria State Prison ("CAL") located in Calipatria, California, is proceeding pro se and in forma pauperis ("IFP") in this civil rights action pursuant to 42 U.S.C. § 1983. On October 5, 2020, Plaintiff filed his Complaint alleging that Defendants violated his rights under the Eighth and Fourteenth Amendments. *See* ECF No. 1. On November 5, 2020, the Court sua sponte screened Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and dismissed Plaintiff's claims against Defendant White but determined that Plaintiff alleged sufficient factual content to survive initial screening as to his Eighth Amendment claim against Defendants Cordero and Whitman. ECF No. 4. On January 19, 2021, Defendant Whitman filed a motion to dismiss. ECF No. 22. While Defendant Whitman's motion to dismiss was still under submission with this Court, Plaintiff filed a motion for summary judgment on May 21, 2021. ECF No. 35. On June 1, 2021, the Court granted in part and denied in part Defendant Whitman's motion to dismiss. ECF No. 37. Defendant Whitman filed an answer on June 15, 2021, ECF No. 38, and Defendant Cordero filed an answer on August 30, 2021, ECF No. 54.

On August 4, 2021, Defendants filed an ex parte application requesting leave of the Court to depose Plaintiff, an incarcerated person, in accordance with Federal Rule of Civil Procedure 30(a)(2)(B) and 30(b)(4). ECF No. 46. Defendants stated that "[t]he record does not reflect any factors that argue against allowing plaintiff's deposition." *Id.* at 1. On August 5, 2021, Magistrate Judge Crawford granted Defendants' ex parte application. ECF No. 48 at 2. Magistrate Judge Crawford found that "plaintiff's testimony is relevant to the disposition of this Action." *Id.*

Plaintiff filed an opposition to Defendant's ex parte application to depose Plaintiff, which was filed nunc pro tunc to August 16, 2021. ECF No. 50. On August 24, 2021, Magistrate Judge Crawford issued an order overruling Plaintiff's objections to Defendants' request to depose him. ECF No. 52. Magistrate Judge Crawford found that the request to depose Plaintiff was not "delay tactic" as Plaintiff claimed, but "a regular and common device" "to develop factual support for a party's claims or defenses." *Id.* at 2. Additionally,

Magistrate Judge Crawford found that "Plaintiff's *pro se* status is not an excuse to refuse to engage in discovery or comply with the Court's rules and orders." *Id.* Plaintiff's present objections followed.

## LEGAL STANDARD

Because Magistrate Judge Crawford's Order is a discretionary decision regarding a nondispositive pretrial matter, the Court must determine whether the Order is "clearly erroneous or contrary to law," pursuant to 28 U.S.C. § 636(b)(1)(A). *See Hoar v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990); *FDIC v. Fidelity & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000). "Clearly erroneous" review is "significantly deferential, requiring 'a definite and firm conviction that a mistake has been committed.'" *Concrete Pipe & Prods. v. Constr. Laborers Pension Tr.*, 508 U.S. 602, 623 (1993). On the other hand, "contrary to law" review "permits independent review of purely legal determinations by the magistrate judge." *Fidelity*, 196 F.R.D. at 378 (citing, inter alia, *Computer Econs., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999)).

## ANALYSIS

### I. Timeliness

Federal Rule of Civil Procedure 72(a) allows a party to "serve and file objections to the [magistrate judge's] order within 14 days after being served with a copy." Here, Magistrate Judge Crawford's Order was filed on August 5, 2021, but Plaintiff's objections were filed nunc pro tunc to August 30, 2021, twenty-five days later.

The Court declines to dispose of Plaintiff's objections as untimely, however. Although the operative objections were filed beyond the fourteen-day deadline, Plaintiff first filed an opposition to the ex parte application on August 16, 2021, just twelve days after Defendants' application was filed. *See* ECF No. 50. At that time, Magistrate Judge Crawford had already issued an Order on Defendants' application. Allowing for time for Plaintiff to receive the Order via mail, this first attempt at objecting to Defendants' request to depose Plaintiff would have been timely. In light of Plaintiff's pro se status and his good

///

faith attempt to comply with the time limits of Rule 72(a), the Court declines to dispose of his objections for this procedural deficiency.

**II.     Clearly Erroneous or Contrary to Law**

As an initial matter, Plaintiff does not appear to object to Magistrate Judge Crawford's grant of Defendants' application pursuant to Federal Rule of Civil Procedure 30(b)(4), which enables Defendants to depose Plaintiff remotely.  Therefore, the Court will only address whether Magistrate Judge Crawford's Order granting Defendants' application to depose Plaintiff, an incarcerated person, was clearly erroneous or contrary to law.  Upon consideration, the Court concludes that Magistrate Judge Crawford's decision to allow Defendants to depose Plaintiff was neither clearly erroneous nor contrary to law, and accordingly **OVERRULES** Plaintiff's objections.

First, Plaintiff claims that Defendants' motion to depose Plaintiff "is nothing more than intentional delay against [Plaintiff's] summary judgment proceeding."  Objs. at 1.  However, Defendants seek to depose Plaintiff prior to the fact discovery cut-off, which is currently set for November 5, 2021. ECF No. 39.  Therefore, Defendants' request is timely, and Plaintiff's allegations of intentional delay are without merit.

Second, Plaintiff's objections are predicated on his assertion that "[i]t is against principles of a fair trial to allow a seasoned attorney to cross examine a Pro Se litigant to defense advantage." Objs. at 1.  These allegations are similarly without merit.  Under Federal Rule of Civil Procedure 30, Defendants have the right to depose Plaintiff with leave of court because Plaintiff is confined in prison.  *See* Fed. R. Civ. P. 30(a)(2)(B).  Plaintiff, in turn, has the right to challenge the oral deposition pursuant to Federal Rule of Civil Procedure 26(c) but has failed to establish good cause to prevent the oral deposition from taking place.  *See* Fed. R. Civ. P. 26(c) (providing that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense").  The Court agrees with Magistrate Judge Crawford that "depositions are a regular and common device" "to develop factual support for a party's claims or defenses." ECF No. 52 at 2.  Plaintiff initiated this action.  He is a key witness in this case.

Plaintiff "must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Finally, Plaintiff appears to allege that Defendants will attempt to "somehow . . . trick[ him] into contradicting [his] previously filed written statements[.]"  Objs. at 1. However, Plaintiff seems to argue the deposition will not reveal any new information because "it is highly unlikely that [Plaintiff] will . . . contradict[ his] previously filed written statements at a[n] oral deposition."  *Id.*  The Court finds Plaintiff's allegations that Defendants' counsel will attempt to "trick[]" him at a deposition lack any factual support. "That Plaintiff is pro se should not be a bar to the oral deposition, particularly in the absence of any evidence suggesting that Defendant has tried to take advantage of that status." *Hines v. California Pub. Utilities Comm'n*, No. C-07-4145 CW (EMC), 2009 WL 3621878, at *1 (N.D. Cal. Oct. 29, 2009).  Additionally, given the Court's finding that Plaintiff is a key witness in this case, Defendants should not be limited by Plaintiff's written statements. *See id.*

The Court reminds Plaintiff that he must comply with court orders.  The wide latitude granted to a pro se plaintiffs does not excuse intentional noncompliance with discovery rules and court orders.  Plaintiff is warned that failure to comply with court orders or follow procedural rules may justify dismissal of this action. *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam) (failure of pro se litigant to follow procedural rules justified dismissal of civil rights action); *see also Gordon v. Cnty. of Alameda*, No. CV 06-2997-SBA, 2007 WL 1750207, at *5 (N.D. Cal. June 15, 2007) ("[P]ro se plaintiffs must abide by the rules of discovery, and when they fail to do so in bad faith dismissal is warranted.").

///
///
///
///
///
///

## CONCLUSION

For the reasons stated above, the Court **OVERRULES** Plaintiff's objections to Magistrate Judge Crawford's Order. Magistrate Judge Crawford's Order is neither clearly erroneous nor contrary to law.

**IT IS SO ORDERED**.

Dated: October 8, 2021

Hon. Janis L. Sammartino
United States District Judge