UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DAVALL, CDCR #AW-8294,<br><br>         Plaintiff,<br><br>  vs.<br><br>A. CORDERO; D. WHITE; WHITMAN,<br><br>         Defendants. | Case No.: 20-CV-1968 JLS (KSC)<br><br>**ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS, (2) ADOPTING REPORT AND RECOMMENDATION IN ITS ENTIRETY, AND (3) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF Nos. 35, 53) |

  Presently before the Court is Plaintiff Joseph Davall's Motion for Summary Judgment ("Mot.," ECF No. 35), as well as Defendant Whitman's opposition thereto ("Opp'n," ECF No. 47), and Plaintiff's reply in support thereof (ECF No. 51). Also before the Court is Magistrate Judge Karen S. Crawford's Report and Recommendation ("R&R," ECF No. 53) advising the Court to deny Plaintiff's Motion without prejudice, as well as Plaintiff's Objections to the R&R ("Objs.," ECF No. 57). Having carefully considered Plaintiff's Complaint ("Compl.," ECF No. 1), Magistrate Judge Crawford's R&R, the Parties' arguments, and the law, the Court **OVERRULES** Plaintiff's Objections,

**ADOPTS** the R&R in its entirety, and **DENIES WITHOUT PREJUDICE** Plaintiff's Motion.

## BACKGROUND

Magistrate Judge Crawford's R&R contains a thorough, detailed, and accurate recitation of the relevant facts and procedural history. *See* R&R at 2. This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARDS

### I. Report and Recommendation

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's R&R. The district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

### II. Summary Judgment

"[A] party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). However, under Rule 56(d), the Court may defer or deny ruling on a summary judgment motion where the non-moving party shows by affidavit or declaration that, "for specified reasons, it cannot present facts essential to justify its opposition." In addition, Rule 56(d) provides that the Court may allow time to obtain affidavits or declarations or to take discovery; or issue any other appropriate order. "The requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin.*

*Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). District courts should grant a Rule 56(d) motion "fairly freely" where a summary judgment motion is filed before a party has had a realistic opportunity to pursue discovery relevant to its theory of the case. *Burlington N. Santa Fe R. Co. v. Assinboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003). Continuance of a motion for summary judgment for the purposes of discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence. *Id.*

## ANALYSIS

Plaintiff's Complaint under the Civil Rights Act, 42 U.S.C. § 1983, asserts a claim that Defendant violated his rights under the Eighth Amendment by not permanently housing him in a single cell. *See generally* Compl. Plaintiff moved for summary judgment, arguing that "[t]his is not an individual unique problem, it is a class problem. Prison officials are well aware that sex offenders are assaulted in the cell." Mot. at 3. As to the facts specific to Plaintiff alleged in the Complaint, Plaintiff claims that Defendant "argues about circumstance of incidents. Importantly, however, Defendant offers no alternative narrative[.]" *Id.* at 6. In her opposition to the Motion, Defendant does not address any of Plaintiff's substantive legal claims but instead requests more time to conduct discovery pursuant to Federal Rule of Civil Procedure 56(d). Opp'n at 1. Defendant seeks additional time to depose Plaintiff and argues that Plaintiff's motion for summary judgment is premature, as Plaintiff moved for summary judgment before Defendant answered Plaintiff's Complaint and before the Court issued a scheduling order. *Id.* Magistrate Judge Crawford's R&R finds that Defendant has satisfied the requirements of Rule 56(d) and recommends that the Court deny without prejudice Plaintiff's Motion. R&R at 5.

In Plaintiff's Objections, he argues that Defendant has failed to meet the requirements of Rule 56(d) because Defendant "has failed to specify what if any facts essential to her defense are missing." Objs. at 1. Plaintiff claims that "Rule 56 does not require the non moving party to depose her witness." *Id.* (citing *Celotex Corp. v. Catrett*,

477 U.S. 317 (1986)). Additionally, Plaintiff "rejects the contention that respondent has not had enough time for discovery." *Id.* Plaintiff claims that Defendant "has had close to a year already and the fact that [Defendant] waited till now is only evidence of intentional delay of summary judgment." *Id.* Plaintiff claims Magistrate Judge Crawford "was in error to ignore the bulk of Rule 56 and consider only section (d)." *Id.* at 2. Additionally, Plaintiff argues Magistrate Judge Crawford "misinterpreted the holding of the *Celotex* case." *Id.* Plaintiff reasserts that he has met his burden on summary judgment. *Id.*

The Court reviews *de novo* those portions of Magistrate Judge Crawford's R&R to which Plaintiff objects and reviews for clear error the remainder of the R&R.

First, Plaintiff objects to the R&R's finding that Defendant has set forth specific facts that she hopes to elicit from further discovery. *See* Objs. at 1. Based on the Court's *de novo* review, the Court finds that Defendant has complied with the procedural requirements of Rule 56(d) by submitting the declaration of Lyndsay Crenshaw. Ms. Crenshaw's declaration identified the following specific facts that Defendant seeks from further discovery: (1) "prison policy regarding the assignment of permanent single-cell status"; and (2) "prison policy regarding the classification of prisoners, and how they are assigned housing." Crenshaw Decl. ¶ 2, ECF No. 47-1. The Court finds that Defendant has sufficiently set forth what she hopes to elicit from further discovery. The defenses that Defendant wishes to pursue could play an important role in defending Plaintiff's Eighth Amendment claim.

Plaintiff is correct that Rule 56 does not require Defendant to depose Plaintiff; however, depositions are a common mechanism for parties to develop factual support for claims and defenses. As the Supreme Court stated in *Celotex*:

> Obviously, Rule 56 does not require the nonmoving party to depose her own witnesses. Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves, and it is from this list that one would normally expect the nonmoving party to make the showing to which we have referred.

*Celotex Corp.*, 477 U.S. at 324. Although a deposition is not required, it is contemplated by the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 30, and Defendant was granted leave to depose Plaintiff, ECF No. 48. Further, this Court upheld Magistrate Judge Crawford's order granting Defendant leave to take Plaintiff's deposition over Plaintiff's objections. *See* ECF No. 58. As Plaintiff's claims relate to incidents he experienced, it is reasonable for Defendant to want to depose Plaintiff and use this evidentiary material to oppose summary judgment.

Next, Plaintiff claims that Defendant's request is "evidence of intentional delay." Objs. at 1. The Court finds no merit in Plaintiff's argument that Defendant has intentionally delayed this proceeding. At the time Plaintiff filed the Motion for Summary Judgment, Defendant had not yet served her answer. At the time Defendant filed her opposition to the Motion, the Parties had not yet started discovery. Plaintiff's assertion that "Defendant has had close to a year already," Objs. at 1, is false. Although Plaintiff initiated this action on October 5, 2020, the Court first had to screen and serve Plaintiff's Complaint. Defendant then filed a motion to dismiss Plaintiff's Complaint. The Court did not issue a scheduling order until after the Court ruled on the motion to dismiss. Therefore, no discovery took place until after Defendant filed her answer on June 15, 2021. No issue exists as to whether Defendant has been diligent in pursuing discovery because prior to filing her Opposition, Defendant had not had a realistic opportunity to pursue discovery relevant to her theory of the case. *Burlington N. Santa Fe R. Co.*, 323 F.3d at 773. The Court finds that the better course of action is to permit Defendant the opportunity to take discovery as to these issues before having to oppose Plaintiff's Motion for Summary Judgment. *Gallagher & Kennedy PA v. City of Phoenix*, No. 2:16-CV-4447-DAE, 2019 WL 13032292, at *18 (D. Ariz. Mar. 8, 2019) (denying motion for summary judgment based on Rule 56(d) when "discovery has not yet begun and a scheduling order for such has not yet been filed"); *Moore v. Hubbard*, No. CIVS06-2187 FCDEFBP, 2009 WL 688897, at *1 (E.D. Cal. Mar. 13, 2009), report and recommendation adopted, No. CIVS062187FCDEFBP, 2009 WL 902240 (E.D. Cal. Mar. 31, 2009) ("Plaintiff's

[summary judgment] motion is premature, as discovery has not yet begun, defendants have not yet filed an answer and the court has yet to issue a discovery and scheduling order.).

Finally, Plaintiff's reliance on *Celotex* is misplaced. The Supreme Court held that that the party opposing summary judgment was not "railroaded" by a premature motion for summary judgment when the movant filed for summary judgment a year after the case commenced—crucially, after the parties had conducted discovery. *Celotex Corp.*, 477 U.S. at 326. The Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, *after adequate time for discovery* and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322 (1986) (emphasis added). Here, there has not been adequate time for discovery. The facts in *Celotex* are clearly distinguishable from the present action. No discovery had occurred in this case when Plaintiff filed his motion for summary judgment. In fact, Defendant's motion to dismiss was still pending and Defendant had not yet filed an answer. Additionally, the *Celotex* Court stated that "Rule 56 must be construed with due regard . . . for the rights of persons opposing such claims and defenses[.]" *Celotex Corp.*, 477 U.S. at 327. The Court will not require Defendant to defend on the merits claims she has not had a fair opportunity to explore in discovery. Although the Court appreciates Plaintiff's desire to resolve this case quickly, it is in the interest of fairness and judicial economy to consider Plaintiff's claims once the Parties have had the opportunity to adequately develop the record.

## CONCLUSION

In light of the foregoing, the Court **OVERRULES** Plaintiff's Objections (ECF No. 57), **ADOPTS** Magistrate Judge Crawford's R&R (ECF No. 53), and **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Summary Judgment (ECF No. 35).

///

///

///

Because Plaintiff's Motion is denied without prejudice, Plaintiff may again bring his Motion once the relevant depositions and production have occurred.

**IT IS SO ORDERED**.

Dated: November 9, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge