UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DAVALL, CDCR #AW-8294,<br><br>　　　　　　　　　Plaintiff[s],<br><br>v.<br><br>A. CORDERO; D. WHITE; WHITMAN,<br><br>　　　　　　　　　Defendant[s]. | Case No.:  20-cv-1968-JLS-KSC<br><br>**NOTICE AND ORDER MODIFYING MANDATORY SETTLEMENT CONFERENCE TO BE HELD VIA ZOOM AND ISSUING UPDATED PROCEDURES** |

A Mandatory Settlement Conference ("MSC") is scheduled in this matter for **March 3, 2022** at **2:00 p.m.** before Magistrate Judge Karen S. Crawford. Due to the COVID-19 public emergency, and because plaintiff is currently incarcerated, no personal appearances are required.  Instead, the Court will conduct the MSC by video conference. <u>Counsel for defendant must make all necessary arrangements for plaintiff to participate in the MSC.</u>

The following are **mandatory** guidelines for the parties preparing for the MSC. *Absent express permission obtained from this Court, and notwithstanding the pendency of any motion, the parties shall timely comply with the dates and deadlines herein*.

　　1.　　**Full Settlement Authority Is Required:**  Pursuant to Civil Local Rule 16.1.c.1, all parties, party representatives (including claims adjusters for insured parties),
///

1

and the principal attorney(s) responsible for the litigation must participate in the MSC.[1] This appearance must be made with full and unlimited authority to negotiate and enter into a binding settlement.[2] In the case of a corporate entity, an authorized representative of the corporation who is not retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of the plaintiff's prayer (excluding punitive damage prayers).  The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

Counsel for a government entity may be excused from this requirement so long as the government attorney who participates in the MSC (1) has primary responsibility for handling the case; and (2) may negotiate settlement offers that the attorney is willing to recommend to the government official having ultimate settlement authority.

2.  **Procedure for Zoom Videoconference Appearance:**  The Court will use its Zoom video conferencing account to host the MSC. *If you are unfamiliar with Zoom:* Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app.[3]

---

[1]  The attendance requirement includes parties that are indemnified by others. Any deviation from this Order requires prior Court approval.

[2]  Full authority to settle means that the individuals attending the MSC are authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003).  One of the purposes of requiring a person with unlimited settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference. *Pitman*, 216 F.R.D. at 486.  Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-597 (8th Cir. 2001).

[3]  Participants are encouraged to use laptops or desktop computers for the video conference, if possible, as mobile devices often offer inferior performance.

Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom, and familiarize themselves with Zoom in advance of the MSC.[4] There is a cost-free option for creating a Zoom account.

Before the start of the MSC, the Court will email each participant an invitation to join a Zoom video conference. Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation. *Participants who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding*. Zoom may then prompt participants to enter the password included in the invitation. All participants will be placed in a waiting room until the MSC begins.

Each participant should plan to join the Zoom video conference *at least five minutes before* the start of the MSC to ensure that the conference begins on time. *The Zoom e-mail invitation may indicate an earlier start time, but the MSC will begin at the time scheduled by the Court.*

Zoom's functionalities will allow the Court to conduct the MSC as it ordinarily would conduct an in-person one. The Court will divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms.[5] In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence. Breakout Rooms will also allow parties and counsel to communicate confidentially outside the presence of the Court.

///

---

[4] For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started.

[5] For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646.

Since plaintiff is incarcerated, <u>counsel for defendant must make arrangements for plaintiff to participate in the MSC</u> by videoconference.  No later than **<u>March 24, 2022,</u>** counsel for defendant must e-mail to the Court at efile_crawford@casd.uscourts.gov the following information:

    a.    The ***name and title of each participant***, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

    b.    An ***e-mail address for each participant (and for plaintiff, the appropriate contact at the facility where he currently resides)*** to receive the Zoom video conference invitation; and

    c.    A ***telephone number where each participant (and for plaintiff, the appropriate contact at the facility where he currently resides)*** may be reached so that if technical difficulties arise, the Court will be in a position to proceed telephonically instead of by video conference.

Counsel must be responsible for ensuring their clients are able to participate in the MSC.  All participants shall display the same level of professionalism during the MSC and be prepared to devote their full attention to the MSC as if they were attending in person (*e.g.*, participants may not be driving or otherwise distracted while speaking to the Court).  Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference.

    3.    **<u>Confidential MSC Statements Required:</u>**  No later than one week before the MSC, each party shall lodge a Confidential MSC Statement by mail or email (efile_crawford@casd.uscourts.gov).  The MSC statement shall not exceed five (5) pages, excluding exhibits (and shall not exceed 20 pages including exhibits).  ***These statements are not to be filed on the CM/ECF system or served on other parties.***

All confidential MSC Statements must include:

    a.    A brief description of the case and the claims and defenses asserted;

      b.    The party's position on liability and damages supported by relevant facts and controlling legal authority;

      c.    A specific and current demand or offer for addressing all relief or remedies sought, and the specific basis for that relief.  If a specific demand or offer for settlement cannot be made at the MSC, the party must state the reasons why and explain what additional information is required to make a settlement demand or offer (Note:  ***A general statement that a party will "negotiate in good faith," "offer a nominal cash sum," or "be prepared to make a demand or offer at the conference" is not a specific demand or offer.)***;

      d.    A brief description of any previous settlement negotiations or mediation efforts; and

      e.    The names of attorney and non-attorney conference attendees who will attend the MSC, including the name(s) and title(s)/position(s) of the party/party representative(s) who will attend and have settlement authority at the conference.

6.    **Cases Involving a Demand for Attorney's Fees:** If a demand is made that includes attorney's fees and/or costs, counsel for the demanding party shall be able to provide, upon request, redacted billing records for opposing counsel's review, as well as an unredacted copy for the Court's *in camera* review.

8.    **Requests to Continue an MSC:**  Any request to continue the MSC shall be made by Joint Motion, even if the parties are not in agreement, no less than seven (7) calendar days before the affected date. The request shall state:

      a.    The original deadline or date;

      b.    The number of previous requests for continuance;

      c.    A showing of good cause for the request;

      d.    Whether the request is opposed and why; and,

///

e.   Whether the requested continuance will affect other case management dates.

9.   **Settlement Before the MSC:** The Court encourages the parties to work on settling the matter in advance of the MSC.  If the parties resolve the matter before the MSC, counsel must promptly file a Joint Motion for Dismissal or a Notice of Settlement.

Questions regarding this case or the mandatory guidelines set forth herein may be directed to the Magistrate Judge's law clerks at (619) 446-3964.

A Notice of Right to Consent to Trial Before a United States Magistrate Judge is attached for your information.

**IT IS SO ORDERED.**

Dated:  February 7, 2022

Hon. Karen S. Crawford
United States Magistrate Judge