UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DAVALL, CDCR #AW-8294,<br><br>Plaintiff,<br><br>v.<br><br>A. CORDERO; D. WHITE; WHITMAN,<br><br>Defendants. | Case No.: 20-cv-1968-JLS-KSC<br><br>**ORDER DENYING PLAINTIFF'S THIRD MOTION TO APPOINT COUNSEL**<br><br>**[Doc. No. 69]** |

Plaintiff Joseph Davall ("plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983, alleging defendants violated his rights under the United States Constitution. *See* Doc. No. 1. Plaintiff alleges that he was targeted by other inmates because he is a convicted sex offender, and that defendants failed to protect him from assault by his cellmate in violation of his constitutional rights. *See generally id.* Before the Court is plaintiff's Motion for Appointment of Counsel (the "Motion"). Doc. No. 69. This is plaintiff's third request for counsel. *See* Doc. Nos. 19, 44. For the reasons set forth below, plaintiff's Motion is **DENIED**.

The Court may, in the exercise of its discretion, appoint counsel if the party requesting counsel can establish "exceptional circumstances" for doing so. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). This Court denied plaintiff's two prior requests for the appointment of counsel, finding that plaintiff had not made the necessary

showing that such exceptional circumstances existed. *See* Doc. No. 27 at 4; Doc. No. 49 at 4. The Court instructed plaintiff that he could renew his motion if his circumstances changed such that he could make the necessary showing that he is both likely to succeed on the merits of his claims, and unable to competently articulate those claims. *See id*. However, the Court cautioned plaintiff that a motion that merely repeated arguments already considered and rejected by the Court would not be granted. *Id.*

In support of his Motion, plaintiff states the following: (1) he needs counsel because he does not know how to prepare for trial or file an appeal; (2) defense counsel has "taken advantage" of his *pro se* status by "denying [him] effective discovery" and he needs counsel to "prove material fact[s]"; (3) it is "only fair" that if defendants have counsel paid for by tax dollars he should have the same; (4) he needs counsel to help him move for a temporary restraining order; and (5) he has autism and is unable to "articulat[e] [his] case in any coherent manner." *See* Doc. No. 69 at 1-2.

None of the foregoing demonstrates any change in circumstances or new facts that would justify a departure from the Court's prior findings. *See* CivLR 7.1.i.1 (requiring party requesting reconsideration of a prior order to explain "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown" since the prior order was issued). The Court has already found, and finds again, that the foregoing factors do not individually or collectively establish "exceptional circumstances" warranting the appointment of counsel.

To reiterate, for the Court to appoint counsel, it must be persuaded that plaintiff that is **both** likely to succeed on the merits of his claims, **and** that he is unable to effectively articulate those claims. *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014). As before, although plaintiff speculates that he would be successful in his efforts to secure an injunction if he had the assistance of counsel, he has not identified any facts to support a finding that he is likely to prevail on the merits of his claim. The Court finds this factor weighs against the appointment of counsel.

///

Regarding his ability to competently articulate his claims, the Court has previously considered plaintiff's argument that he lacks the ability to pursue his claims because he is a layman unfamiliar with civil (or appellate) procedure. Although it may be difficult for plaintiff to investigate his case so that he can "prove material fact[s]" (Doc. No. 69 at 2), his need to do so is neither unique nor exceptional. The Court is not persuaded by plaintiff's accusations that defense counsel "[took] advantage" of him, forcing him to "forfeit any further attempt at discovery." Doc. No. 69 at 2. Plaintiff has been repeatedly advised that despite his *pro se* status, he is expected to comply with the Federal Rules of Civil Procedure and this Court's rules, including the rules governing discovery. *See*, *e.g.*, Doc. No. 53 at 4; Doc. No. 54 at 2-3; Doc. No. 58 at 4-5. The parties were also explicitly instructed that any failure to follow discovery rules and procedures "[would] result in a waiver of a party's discovery issue." Doc. No. 39 at 2. Despite the Court's guidance and instructions, plaintiff chose to "forfeit" the procedures available to him to obtain discovery and to compel further responses or documents if defendants' responses were lacking. *See* Doc. No. 69 at 2. The Court will not premise the appointment of counsel on plaintiff's deliberate abandonment of the discovery process.

Plaintiff further alleges that his "developmental disability . . . prevents [him] from articulating [his] case . . .." *See id*. The docket demonstrates otherwise. To date, plaintiff has filed, *inter alia*, a Complaint that survived initial screening, a Motion for a Temporary Restraining Order, two Motions for Summary Judgment, an Objection to the undersigned's Report and Recommendation regarding the first summary-judgment motion, and three motions for appointment of counsel. *See* Doc. Nos. 1, 9, 19, 35, 44, 57, 68 and 69. Plaintiff also ably participated in a Mandatory Settlement Conference before the undersigned. *See* Doc. No. 66.

For the above reasons, the Court finds that plaintiff can competently articulate his claim, and that this factor also weighs against the appointment of counsel.

Finally, the Court turns to plaintiff's contention that since "defendants have counsel at the taxpayers expense . . . it is only fair that [he] should have counsel as well." Doc. No.

69 at 2. Plaintiff appears to argue that he is entitled to counsel by virtue of his affirmative choice to initiate this litigation. That is not the law. *See Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("There is no absolute right to counsel in civil proceedings."). Instead, the Ninth Circuit has established the "exceptional circumstances" test to assist courts in determining whether, in fact, fairness requires the appointment of counsel. In this case, and for the reasons stated herein, the Court finds that it does not. Plaintiff's Motion is accordingly **DENIED**.

## ORDER

For the foregoing reasons, the Court finds plaintiff has not made the necessary showing that he is both likely to succeed on the merits of his claims, and that he is unable to competently present those claims to the Court. Plaintiff's Motion for the Appointment of Counsel [Doc. No. 69] is **DENIED**.

**IT IS SO ORDERED.**

Dated:  March 23, 2022

Hon. Karen S. Crawford
United States Magistrate Judge