UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DAVALL, CDCR #AW-8294, <br><br>　　　　　　　　　　Plaintiff, <br><br>　vs. <br><br>A. CORDERO; D. WHITE; WHITMAN, <br><br>　　　　　　　　　　Defendants. | Case No.:  20-CV-1968 JLS (KSC) <br><br>**ORDER DENYING PLAINTIFF'S MOTION TO SEAL THE RECORD** <br><br>(ECF No. 84) |

　　　　Presently before the Court is Plaintiff Joseph Davall's Motion to Seal the Record ("Mot.," ECF No. 84).  On February 2, 2023, this Court issued an order denying Plaintiff's Motion for Summary Judgment and granting Defendants' Motion for Summary Judgment, which terminated this action.  *See* ECF No. 83.  Now, Plaintiff wishes that the record of this case be sealed as the "sensitive information" contained within is accessible by the public, which has allegedly resulted in "numerous" attempts on his life at the prison in which he is currently confined.  Mot. at 1.  Plaintiff also requests that the Court "order the Prison legal record company 'Lexus Nexus' (sic) to erase the efile in [his] case."  *Id.*  The Court **DENIES** the Motion.

/ / /

1    First, this case remains closed; accordingly, the Court cannot entertain Plaintiff's requests unless and until the case is reopened. Plaintiff has pointed to no authority to the contrary.

    Second, even if this case were not closed, Plaintiff has failed to demonstrate that sealing the entire record of this case is appropriate. "[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

    A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1130. "Where the party seeks to seal case files in their entirety, as [Plaintiff] requests here, courts have required that party to meet the high threshold of showing that 'compelling reasons' support the need for secrecy." *Rust-Oleum Corp. v. NIC Indus., Inc.*, No. 1:18-CV-01655-CL, 2019 WL 12021389, at *1 (D. Or. Feb. 21, 2019). Under the compelling reasons standard, "the party must articulate[ ] compelling reasons supported by specific factual findings, that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178–79 (internal quotations and citations omitted) (alterations in original). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to

///

gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598).

Here, Plaintiff has not specified what "sensitive information" must be restricted from public view, nor has Plaintiff presented any factual material that supports his allegations that the public nature of the case has resulted in attempts on his life. Moreover, Plaintiff's underlying state court criminal trial was widely reported in local news media, and subsequent actions related to Plaintiff's conviction, such as his petition for federal habeas relief, remain matters of public record.[1] Indeed, the instant action has been accessible to the public for roughly two-and-a-half years. "Thus, it would serve no purpose to . . . seal the case file here when the information regarding [Plaintiff's] underlying crimes of conviction and his identity are already public." *Reed v. Paramo*, No. CV 15-5636-CAS (JEM), 2018 WL 10562057, at *2 (C.D. Cal. Sept. 25, 2018).

Finally, the Court declines to permanently enjoin the display of records related to this case on electronic databases such as LexisNexis. Such a request is in direct conflict with the Court's preference for public access to judicial records and documents. Moreover, Plaintiff has not addressed any of the factors that would justify a permanent injunction. "To obtain a permanent injunction, a plaintiff must show: '(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of the hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.'" *MGM Resorts Int'l v. Unknown Registrant of www.imgmcasino.com*, No. 2:14-CV-1613-GMN-VCF, 2015 WL 5682783, at *1 (D. Nev. Sept. 23, 2015).

///
///

---

[1] Given the nature of Plaintiff's request, the Court finds it inappropriate and unnecessary to cite to supporting sources for this statement. Suffice it to say, however, that such records were easily located.

In sum, the Court **DENIES** Plaintiff's Motion because the case is closed and Plaintiff has provided no legal authority supporting his requests. The Court advises Plaintiff that so long as this case remains closed, further filings may be rejected by this Court.

**IT IS SO ORDERED**.

Dated: May 1, 2023

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge